NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTOR GONZALEZ,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil No. 15-2080 (DRD)<br><br>**OPINION** |

**APPEARANCES**:

>  VICTOR GONZALEZ, #19769-050
>  FCI Cumberland
>  P.O. Box 1000
>  Cumberland, MD   21501
>      *Movant, Pro Se*

**Debevoise, Senior U.S. District Judge**

In March of 1999, Victor Gonzalez filed a motion to vacate, pursuant to 28 U.S.C. § 2255, a judgment of conviction filed in this Court on March 26, 1997, in United States v. Gonzalez, Crim. No. 96-0114 judgment (D.N.J. Mar. 26, 1997).   See Gonzalez v. United States, Civ. No. 99-1183 (JWB) sl. opinion (D.N.J. Aug. 30, 2005).   On August 30, 2005, then Chief Judge John W. Bissell denied the § 2255 motion on the merits.   On September 6, 2006, the Third Circuit Court of Appeals denied a certificate of appealability.   Id.   Mr. Gonzalez has now filed another § 2255 motion to vacate the same sentence.   This Court will dismiss the § 2255 motion for lack of jurisdiction because it is a second or successive § 2255 motion that has not been authorized by the Court of Appeals, see 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 Rule 9, and deny a certificate of appealability.

1

**BACKGROUND**

In 1996 Victor Gonzalez was convicted of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d), engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and related offenses. Predicate acts for the racketeering offenses included conspiracy to commit murder and murder. On March 18, 1997, Gonzalez was sentenced to three concurrent terms of life in prison. See United States v. Gonzalez, Crim. No. 96-0114 judgment (D.N.J. Mar. 26, 1997). The Court of Appeals for the Third Circuit affirmed the conviction and sentence on March 13, 1998. In 2007 Gonzalez filed a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c), arguing that his base offense level should have been 19 instead of 43. The motion was denied on March 28, 2007, and the Court of Appeals affirmed the Order denying the motion on October 15, 2007.

On March 12, 1999, Mr. Gonzalez filed a pro se motion to vacate the sentence pursuant to 28 U.S.C. § 2255. See Gonzalez v. United States, Civ. No. 99-1183 (JWB) sl. opinion (D.N.J. Aug. 30, 2005). Gonzalez claimed: (1) the Court abused its discretion in permitting Special Agent Higgins to testify as an expert; (2) Gonzalez should have been allowed to join in arguments raised by his co-appellants; (3) trial and appellate counsel provided ineffective assistance in violation of the Sixth Amendment; and (4) his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000). On August 30, 2005, then Chief Judge John W. Bissell denied the § 2255 motion on the merits. The Court of Appeals for the Third Circuit denied a certificate of appealability on September 6, 2006.

In November 2014 Gonzalez filed a motion to amend his 1997 judgment of conviction to eliminate the provision that the $10,000 fine be paid in full immediately, and to replace it with the requirement that the fine be paid in installments at the rate of $25 every three months. On January 16, 2015, this Court denied the motion.

On March 19, 2015, using a § 2255 form, Mr. Gonzalez signed (and filed pursuant to the "mailbox rule"), the motion under 28 U.S.C. § 2255 to vacate the 1997 sentence that is presently before the Court. (ECF No. 1.) The motion raises four grounds: (1) the indictment did not charge an offense against the United States; (2) the indictment failed to charge the aiding and abetting statute; (3) the indictment did not charge Gonzalez under the penalty provision of paragraph (B) of 21 U.S.C. § 846 or § 841; and (4) counsel provided ineffective assistance in violation of the Sixth Amendment.

## DISCUSSION

**A.  Jurisdiction**

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which severely limits a district court's jurisdiction over second or successive § 2255 motions. See United States v. Miller, 197 F. 3d 644, 649 (3d Cir. 1999). Through 28 U.S.C. § 2255(h), the provisions of 28 U.S.C. § 2244(b)(3)(A) apply to a successive § 2255 motion filed in a district court. See 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . ."). Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Consistent with these statutes, Rule 9 of the Rules Governing Section 2255 Proceedings, entitled "Second or Successive Motions," provides: "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255." 28 U.S.C. § 2255 Rule 9.

Substantively, the Court of Appeals may certify or authorize the filing of a second or successive § 2255 motion in the district court only if it contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1) and (2); see In re Dorsainvil, 119 F. 3d 245, 247 (3d Cir. 1997); In re Pendleton, 732 F.3d 280 (3d Cir. 2013).

Section 2255(h), read in conjunction with § 2244(b)(3)(A) and Rule 9, establishes that a District Court lacks jurisdiction over a second or successive § 2255 motion that has not been certified or authorized by the court of appeals.[1] See In re Olabode, 325 F.3d 166, 169 (3d Cir. 2003) ("Before a second or successive section 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the motion"); United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (holding that district court lacks jurisdiction over unauthorized second or successive § 2255 motion); Farris v. United States, 333 F. 3d 1211, 1216 (11th Cir. 2003) (same); United States v. Miller, 197 F. 3d at 649 ("Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals"); Nunez v. United States, 96 F. 3d 990, 991 (7th Cir. 1996) (same); cf. Burton v. Stewart, 549 U.S. 147 (2007) (holding that district court lacks jurisdiction over unauthorized second or successive § 2254 petition).

---

[1] Although the AEDPA does not define "second or successive," the Supreme Court has observed that a new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the circuit, where a prior application challenging the same conviction was adjudicated on the merits. See Burton v. Stewart, 549 U.S. 147, 153-56 (2007). A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.. § 2254(a) and (d)." Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

In this case, by way of his new § 2255 motion, Mr. Gonzalez asks this Court to entertain new grounds challenging his 1996 federal conviction and sentence that were not presented in his denied § 2255 motion. This Court lacks jurisdiction to entertain the present § 2255 motion because the Third Circuit Court of Appeals has not authorized Gonzalez to file a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A); Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)). This Court will not entertain the § 2255 motion because it lacks jurisdiction to do so.

**B.  Dismissal or Transfer**

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). If this Court were to transfer the successive § 2255 motion to the Third Circuit as an application for authorization to file a second or successive § 2255 motion, then the Third Circuit could not authorize the filing of a second or successive § 2255 motion unless Gonzalez satisfied the standard set forth in 28 U.S.C. § 2255(h). Gonzalez does not allege facts indicating that a claim in his proposed § 2255 motion satisfies the gatekeeping requirements of § 2255(h). For example, he does not point to any new rule of constitutional law, nor does he point to newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. Accordingly, this Court finds that it would not be in the interest of justice to transfer the successive § 2255 motion to the Third Circuit as an application for authorization to file a second or successive § 2255 motion. Cf. Hatches v. Schultz, 381 F.App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District

Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law"). Accordingly, this Court will dismiss the § 2255 motion for lack of jurisdiction.

### C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from an order entered on a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also 28 U.S.C. § 2255(d). This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal for lack of jurisdiction of the § 2255 motion is correct. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

Based on the foregoing, the Court dismisses § 2255 motion and denies a certificate of appealability.

    s/Dickinson R. Debevoise  
**DICKINSON R. DEBEVOISE**  
**U.S.S.D.J.**

Dated: April 2, 2015